# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 09-09673 |
| LAIMA GAUDINSKAS ) | |
| ) | Adversary No. 09-00590 |
| ) | |
| Debtor. ) | Chapter 7 |
| _____ ) | |
| ) | |
| ANTHONY STELMOKAS ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| LAIMA GAUDINSKAS ) | |
| ) | |
| Defendant. ) | |

### ANSWER TO AMENDED COMPLAINT OBJECTING TO DISCHARGEABILITY OF INDEBTEDNESS (11 U.S.C. § 523(a)(2) AND COUNTERCLAIM AGAINST ANTHONY STELMOKAS

NOW COMES LAIMA GAUDINSKAS, by and through her attorney, Saulius Modestas, and in support states as follows:

1. This court has jurisdiction over the subject matter of this complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §1334 and 157(b)(2)(1) and 11 U.S.C. § 523 since this is a proceeding to determine the dischargeability of a particular debt.

**Defendant admits to the allegations in paragraph #1.**

2. This court has fixed July 13, 2009 as the last day to file a Complaint to Object to the Discharge of Debtor under U.S.C. §727 and to Determine Dischargeability of Debt under U.S.C. §523. This Complaint, therefore, has been timely filed.

**Defendant admits to the allegations in paragraph #2.**

3. Laima Gaudinskas filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code (the "Code") in this court on March 20, 2009.

**Defendant admits to the allegations in paragraph #3.**

4.    The Debtor may be served, pursuant to Fed. R. Bankr. P. 7004(b)(1), by mailing a copy of the Summons and Complaint to 911 Stoos Lane, Naperville, Illinois 60540 which constitutes either the Debtor's dwelling house or usual place of abode or the place which the Debtor regularly conducts a business or profession. This address is taken off of debtor's B9 A Notice of Bankruptcy Petition as being her present dwelling house address.

**Defendant denies service was proper as it is believed service was executed by ANTHONY STELMOKAS, Pro Se Plaintiff. He is a party and only a non-party over 18 years old may serve a Summons.**

5.    On August 30, 2008, plaintiff entered into a transaction with defendant whereby an antecedent debt between the parties was renegotiated in return for which, defendant gave plaintiff a promissory note in the sum of $8,120.

**Defendant admits Plaintiff made a consumer loan to her on that date and that she executed a promissory note but denies the allegations that it was a renegotiation of an antecedent debt.**

6.    The note is overdue and the amount indebted to plaintiff is in excess of $9,000.

**Defendant admits the note is overdue and that she listed Plaintiff's disputed claim in her schedules.**

7.    As part of the consideration and as an inducement to plaintiff to enter into said transaction, defendant represented and warranted that:

1. She was a full time registered nurse at Holy Cross Hospital, Chicago, IL

**Defendant denies the allegations.**

i. On information and belief a registered full time nurse earns approximately $60,000. per year.

**Defendant can neither admit or deny the allegation as she has insufficient information to do so, but to the extent an answer is required, denies the allegations.**

ii. Schedule I – Current income of individual debtor indicates a salary of only $34,000.

**Defendant denies Schedule I states her annual salary.**

2

   2. She further represented to plaintiff that she received additional income as "professional seamstress" under the business name Laimute Couture.

   **Defendant denies representing to plaintiff at the time of the loan that she received additional income.**

   i. On information and belief defendant stated her additional income attributable to this business was $20,000 per year. Attached is a copy of business card given to plaintiff at time of note execution.

   **Defendant admits that is her business card but denies the remaining allegations.**

   ii. None of defendants petition schedules contains or identifies such an income.

   **Defendant admits the allegations.**

   3. Debtor additionally stated that she owned and unencumbered real estate located in 911 Stoos Ln. Naperville, IL and 129 Yarrow Court, Romeoville, Il. This information was materially false as Debtor had encumbered the real estate prior to the execution of the note.

   **Defendant denies the allegations.**

   4 Debtor stated that she received rental income from one or both of the properties.

   **Defendant denies the allegations.**

   i. No income from any of her properties is stated; however, an eviction of a Rosemary Bennett is noted in Statement of Financial Affairs, paragraph 4.

   **Defendant admits she did not state any income from her properties in her Schedules and that an eviction was listed in her SOFA.**

   5. The totality of the circumstances during which the antecedent debt arose and the subsequent note executed shows that the Debtor did not intend to repay:

   **Defendant denies the allegations.**

   i. the debtor was in poor financial condition throughout 2008;

   **Defendant can neither admit nor deny this allegation as "poor" is not defined by Plaintiff but denies any intention not to repay the loan.**

   ii. the note was executed near to the date of the bankruptcy filing;

   **Defendant denies the allegations.**

iii. the responses to the Statement of Financial Affairs, Questions 1 and 2 , indicate an average yearly income of about $12,500. per year in three years prior to the bankruptcy filing;

**Defendant admits her average adjusted gross income for those years was as stated.**

iv. base on the monthly income, monthly living expenses, and circumstances disclosed in the Schedules and Statement of Financial Affairs, no disposable income was available to pay the required payments on the note. NO payments were received.

**Defendant admits that at the time the petition was filed no income was available to pay on the note.**

v. the minimum monthly payment on the $224,641 of scheduled unsecured debt(based on a required minimum monthly payment on each account of 2%-3%) exceeded $6,700. per month before the petition was filed;

**Defendant denies the allegations.**

vi. debtor is relatively sophisticated in business matters;

**Defendant denies the allegations.**

vii. other unsecured credit/loans were also utilized;

**To the best of her recollection, Debtor denies utilizing any other unsecured credit/loans on the date the loan in question was taken out.**

viii. there were not sufficient liquid assets that could have been used to service this note.

**Defendant denies the allegations.**

6.  Debt(s) were incurred when the Debtor could not pay existing financial obligations as they became due.

**Defendant cannot answer this allegation as which debts were incurred when was not specified, to the extent an answer is required, she denies them.**

7. By incurring interest charges on said loan, the Debtor represented an intention to repay them.

**Allegation doesn't make any sense but Defendant admits intending to repay the loan.**

4

    8. The Debtor, through false pretenses, false representations, and/or actual fraud acted to induce Plaintiff to enter into a loan agreement for valuable consideration, and in the absence of false pretense, false representation, and/or actual fraud by the Debtor, Plaintiff would not have entered into the loan agreement and incurred the losses attributable to the Debtor.

**Defendant denies all the allegations in paragraph #8.**

    WHEREFORE, LAIMA GAUDINSKAS, prays this Honorable Court enter an order declaring the debt dischargeable and grant such other relief as may be deemed necessary and just.

## COUNTERCLAIM AGAINST ANTHONY STELMOKAS

    NOW COMES Defendant-Counterplaintiff LAIMA GAUDINSKAS ("LAIMA"), by and through her attorney, SAULIUS MODESTAS, and for her Counterclaim against ANTHONY STELMOKAS ("STELMOKAS") alleges as follows:

*Jurisdiction and Venue*

    1.    The jurisdiction of this court is invoked pursuant to the Truth in Lending Act, 15 U.S.C. §1640(e) ("TILA") and 28 U.S.C. §1331. Supplemental jurisdiction over state law claims exists pursuant to 28 U.S.C. §1367.

    2.    Venue in this district is proper because the acts that gave rise to this cause of action occurred in substantial part in this district and because Counterdefendant resides in this district.

*Factual Background*

    3.    At all times relevant hereto, STELMOKAS regularly extended or offered to extend consumer credit for which a finance charge was imposed.

    4.    On or about August 30, 2008, STELMOKAS loaned to LAIMA $8,000.00.

    5.    This loan was taken out by LAIMA for personal use and was not used for business purposes.

6. STELMOKAS charged LAIMA 12% annual rate on the loan plus additional undisclosed fees.

7. STELMOKAS failed to give the required disclosures pursuant to TILA.

8. STELMOKAS charged an excessive and unlawful rate of interest in violation of the Illinois Interest Act.

## *COUNT I*
## *VIOLATIONS OF THE TRUTH IN LENDING ACT*
## *15 U.S.C. §§ 1601-1666j*

9. Counterplaintiff incorporates by reference paragraphs 1-8 as if more fully set forth herein.

10. In the course of this transaction, STELMOKAS violated the Act and Regulation Z, 12 C.F.R. § 226, by failing to clearly and conspicuously make numerous required disclosures, including but not limited to the amount financed.

WHEREFORE, Counterplaintiff requests that judgment be entered in her favor, and against STELMOKAS and requests the Court:

> A. Award the maximum statutory damages available under the law in accordance with 15 U.S.C. § 1640(a)(2);
>
> B. Award Counterplaintiff costs and reasonable attorneys fee in accordance with 15 U.S.C.§ 1640; and
>
> C. Any other relief the Court deems fair and just.

## *COUNT II – VIOLATION OF THE ILLINOIS INTEREST ACT*
## *815 ILCS 205/4*

11. Counterplaintiff incorporates by reference paragraphs 1 through 8 as if more fully set forth herein.

12.     At all times relevant to this Counterclaim, the Illinois Interest Act ("Interest Act") was in effect in the State of Illinois. The Interest Act declares the lawful rate of interest in Illinois to be 9% per year.

13.     STELMOKAS charged over 9% on the loan in question.

14.     Counterdefendant is liable for statutory damages pursuant to 815 ILCS 205/6, which states, in pertinent part:

> If any person or corporation knowingly contracts for ... unlawful interest, ... in connection with any loan of money, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender.

WHEREFORE, Counterplaintiff requests that judgment be entered in her favor and against STELMOKAS and requests the Court award:

   A.   Actual damages in an amount to be proved at trial;

   B.   Punitive damages in an amount sufficient to deter such future conduct;

   C.   Attorneys' fees and costs;

   D.   Any other relief the Court deems fair and just.

                    Respectfully submitted,

                    LAIMA GAUDINSKAS, Defendant-Counterplaintiff

                    /s/ Saulius V. Modestas
                    SAULIUS V. MODESTAS, ARDC #6278054
                    One of Debtor's Attorneys

Modestas Law Offices
25 E. Washington St., Ste. 1804
Chicago, IL 60602
A.R.D.C. No. 6278054
(312) 251-4460